Christopher J. Dalton
**Buchanan Ingersoll & Rooney PC**
Incorporated in Pennsylvania
550 Broad Street, Suite 810
Newark, N.J. 07102
Telephone: (973) 424-5614
Facsimile: (973) 273-9430

David M. Kelly*
Robert D. Litowitz*
Clint A. Taylor*
Shelby A. McGowan*
**KELLY IP, LLP**
1300 19th Street NW, Suite 420
Washington, D.C. 20036
Telephone:  (202) 808-3570
Facsimile:  (202) 354-5232

    * *Pro Hac Vice Forthcoming*

Attorney for Plaintiffs
Rolls-Royce Motor Cars Limited
and Rolls-Royce Motor Cars NA, LLC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ROLLS-ROYCE MOTOR CARS LIMITED and ROLLS-ROYCE MOTOR CARS NA, LLC,** )<br>)<br>)<br>) | Civil Action No. _____ |
| **PLAINTIFFS,** )<br>)<br>) | |
| v. )<br>) | **COMPLAINT** |
| **ONE SOURCE TO MARKET, LLC d/b/a HEXCLAD,** )<br>)<br>)<br>) | |
| **DEFENDANT.** )<br>) | |

    Plaintiffs Rolls-Royce Motor Cars Limited ("RRMC Limited") and Rolls-Royce Motor

Cars NA, LLC ("RRMC NA") (collectively, "Plaintiffs"), by their undersigned attorneys, bring

this action against Defendant One Source to Market, LLC d/b/a HexClad ("HexClad" or

"Defendant"), allege as follows, upon actual knowledge with respect to themselves and their own acts, and upon information and belief as to all other matters:

## NATURE OF THE ACTION

1.      Plaintiffs seek injunctive and monetary relief from HexClad for trademark infringement, trademark dilution, and unfair competition arising under the Lanham Act, 15 U.S.C. § 1051, the New Jersey Unfair Competition Act, N.J.S.A. §§ 53:3-13.20, *et seq.*, and/or common law for willful violations of Plaintiffs' trademark rights in the famous and federally registered ROLLS-ROYCE word mark and ROLLS-ROYCE logo shown below (collectively, the marks in this Paragraph 1 and Paragraph 18 are referred to as the "ROLLS-ROYCE Marks"):



2.      The ongoing and irreparable harm facing these famous and iconic trademarks, including the likelihood of confusion among consumers and dilution of this legendary brand, comes from HexClad's unauthorized, infringing, and diluting use of Plaintiffs' trademark to promote and sell pots and pans, as shown in the examples below from HexClad's point-of-sale display and its website:





3.      Plaintiffs accordingly seek injunctive and monetary belief, as set forth below.

**THE PARTIES**

4.      Plaintiff Rolls-Royce Motor Cars Limited (RRMC Limited) is a limited company organized under the laws of England and Wales having its principal place of business at Summit One, Summit Avenue, Farnborough, Hampshire, GU14 0FB, UK, and is the owner of the trademarks asserted in this action. RRMC Limited designs and manufactures motor vehicles, parts, and other goods for sale in Europe and for export and sale throughout the world. The motor vehicles, parts, and other goods are imported into, and marketed and distributed in, the United States by RRMC NA.

5.      Plaintiff Rolls-Royce Motor Cars NA, LLC (RRMC NA) is a Delaware limited liability company with its principal place of business at 300 Chestnut Ridge Road, Woodcliff Lake, New Jersey 07677. RRMC NA is an affiliate of RRMC Limited. RRMC NA is responsible for the distribution of ROLLS-ROYCE vehicles and related products throughout the United States. Where affirmative conduct by a Rolls-Royce entity is alleged to have occurred in the United States, reference is to RRMC NA.

6.      Defendant One Source to Market, LLC d/b/a HexClad is a limited liability company organized under the laws of the State of California with its principal place of business at 500 South Anderson St., Los Angeles, California 90033. HexClad is not an authorized licensee of any of Plaintiffs' intellectual property.

**JURISDICTION AND VENUE**

7.      This action arises under the federal Trademark Act, 15 U.S.C. §§ 1051, *et seq.,* the New Jersey Unfair Competition Act, N.J.S.A. §§ 53:3-13.20, *et seq.*, and common law.

8.      This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338(a) and (b). Because the parties are citizens of different states and countries and the matter in controversy exceeds the sum or value of seventy-

five thousand dollars ($75,000.00), exclusive of interest and costs, this Court also has jurisdiction under 28 U.S.C. § 1332. Jurisdiction over the state and common law claims is also appropriate under 28 U.S.C. § 1367(a) and principles of pendent jurisdiction because those claims are substantially related to the federal claims.

9.      This Court has personal jurisdiction over HexClad and venue is proper pursuant to 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the acts giving rise to the claims occurred and are occurring in this District. Venue is also proper because HexClad is subject to personal jurisdiction in this District.

## Plaintiffs and the Famous ROLLS-ROYCE Marks

10.     Since as early as 1906, Plaintiffs and their predecessors-in-interest have manufactured, sold, and serviced luxury automobiles under the ROLLS-ROYCE Marks. RRMC Limited owns the ROLLS-ROYCE Marks, and RRMC NA is licensed by RRMC Limited to use the ROLLS-ROYCE Marks in the United States in connection with the marketing, distribution, and sale of ROLLS-ROYCE products and services.

11.     RRMC NA markets and distributes its ROLLS-ROYCE automobiles through a network of authorized dealers in the United States. ROLLS-ROYCE automobiles are also sold on the secondary market throughout the country.

12.     Plaintiffs and their predecessors-in-interest have spent over a century producing automobiles recognized in the United States and throughout the world as being of the highest quality. For decades, RRMC NA has expended large sums of money for nationwide advertising of its products and services. RRMC NA's authorized dealers in the United States have also spent significant sums of money to promote and advertise ROLLS-ROYCE products and services in their respective trading areas around the country. The ROLLS-ROYCE products and services are

5

also promoted and offered on RRMC NA's websites and social media pages and the websites and social media pages for RRMC NA's dealers across the country.

13.     The ROLLS-ROYCE Marks and ROLLS-ROYCE automobiles have also for many years received extensive publicity and media attention and have been ranked among the most valuable brands in the world.

14.     Plaintiffs also use the ROLLS-ROYCE Marks for a variety of consumer merchandise, including dining and beverage products, as shown in the examples below.





15.     As a result of Plaintiffs' long, continuous, and exclusive use of the ROLLS-ROYCE Marks, their substantial investments in promotion and advertising under those marks, significant revenues earned from ROLLS-ROYCE products and services, and the substantial media attention and publicity noted above, Plaintiffs have established strong common law rights in the ROLLS-ROYCE Marks. The ROLLS-ROYCE marks also have been famous in the United States for many decades.

16.     In *Rolls-Royce Motor Cars Limited v. Davis*, the United States District Court for the District of New Jersey entered judgment that the ROLLS-ROYCE word mark and Rolls-Royce's  logo were famous trademarks under the federal and New Jersey dilution statutes, finding that defendant's use of the musical stage name "Rolls Royce Rizzy" in advertising and selling music diluted the ROLLS-ROYCE word mark and logo by both blurring and tarnishment. No. 15-0417(KM), 2016 WL 3913640, at *7–9 (D.N.J. Mar. 11, 2016).

17.     Furthermore, the United States District Court for the Central District of California recognized the fame of the ROLLS-ROYCE mark while deciding a case to which Plaintiffs were not parties. *Sykes Lab., Inc. v. Kalvin*, 610 F. Supp. 849, 858 (C.D. Cal. 1985) ("The dilution doctrine is only available to protect distinctive marks as exemplified by **such famous names as** 'Tiffany,' 'Polaroid,' '**Rolls Royce**' and 'Kodak.'") (emphasis added).

18.     In addition to establishing common law trademark rights and fame in the ROLLS-ROYCE Marks, RRMC Limited owns the following United States Trademark Registrations on the Principal Register, among many others:

| Mark | Goods/Services | Date of First Use in Commerce | Registration No. | Date Issued |
|------|----------------|-------------------------------|------------------|-------------|
| ROLLS-ROYCE | Automobiles and chassis in Class 12 | 1906 | 0325195 | June 11, 1935 |
| ROLLS-ROYCE | Automobiles and structural parts therefor in Class 12 | 1906 | 3148743 | September 26, 2006 |
| ROLLS-ROYCE | Model toy cars in Class 28 | 01/27/1970 | 0912848 | June 8, 1971 |
| ROLLS-ROYCE | Club services, namely, promoting the interests of motor car enthusiasts in Class 35<br><br>Technical advisory services in the field of maintenance and repair of motor cars in Class 37<br><br>Educational services, namely, conducting discussion forums and providing courses offering technical information in the field of maintenance and repair of motor cars; services of a motor car club, namely, organizing | 09/25/1997 | 4915865 | July 19, 2011 |

| Mark | Goods/Services | Date of First Use in Commerce | Registration No. | Date Issued |
|------|----------------|-------------------------------|------------------|-------------|
| | and conducting meetings and events of a social nature in Class 41 | | | |
| ROLLS-ROYCE | Automobiles and their parts, namely, structural parts, engines, motors, wheels, tires, steering wheels, door sills, door handles, gear shift knobs, headrests, arm rests, seats, tire valve stem caps, tire valves, license plate frames, axles, suspension struts, differentials, drive trains, fenders, windows, windshields, windshield wipers, sun visors, sun shields, dashboards, shock absorbers, clutches, side mirrors, rearview mirrors, front dash panels, door panels, roof panels, sunroofs, brakes, brake calipers, brake pedals, braking systems, transmissions, steering units, suspension systems, airbags, seat belts, alarm systems, roof racks, hood ornaments, automotive grills; metal parts for vehicles, namely, automotive exterior and interior metal decorative and protective trim; automotive parts, namely, tanks for fuel storage, coolant storage, oil storage, and/or water storage; luggage bags specially adapted for | N/A Mark registered pursuant to Section 66(a) of the Lanham Act based on foreign registration | 5061651 | October 18, 2016 |

| Mark | Goods/Services | Date of First Use in Commerce | Registration No. | Date Issued |
|---|---|---|---|---|
| | fitting in the trunk of automobiles in Class 12 | | | |
| | Miniature toy model automobiles, model automobiles, toy automobiles in Class 28 | | | |
| | Retail store services featuring automobiles; automobiles dealership services in Class 35 | | | |
| | Providing extended warranties for automobiles; financing purchases and leases for automobiles in Class 36 | | | |
| | Repair and maintenance of motor vehicles in Class 37 | | | |
| | Leasing of motor vehicles, motor vehicles breakdown towing services in Class 39 | | | |
| | Social club services, namely, organization of social events, get-togethers, and parties for members of automobile clubs; organization of automobile-racing events and automobile-enthusiast social entertainment events in Class 41 | | | |

| Mark | Goods/Services | Date of First Use in Commerce | Registration No. | Date Issued |
|---|---|---|---|---|
| ROLLS RR ROYCE | Automobiles and chassis in Class 12 | 01/01/1905 | 0197089 | April 7, 1925 |
| ROLLS RR ROYCE | Internal combustion engines in automobiles, and parts thereof and power transmissions therefor in Class 12 | 1936 | 4906570 | June 21, 1977 |
| ROLLS RR ROYCE | Repair and maintenance of automobiles in Class 12 | 1975 | 4899753 | May 1, 1984 |
| ROLLS RR ROYCE | Automobiles and their parts, namely, structural parts, license plate frames, dashboards, hood ornaments, automotive grills; metal parts for vehicles, namely, automotive exterior and interior metal decorative and protective trim in Class 12

Miniature toy model automobiles, model automobiles, toy automobiles in Class 28

Retail store services featuring automobiles; automobiles dealership services in Class 35

Repair and maintenance of automobiles in Class 37 | N/A Mark registered pursuant to Section 66(a) of the Lanham Act based on foreign registration | 5061659 | October 18, 2016 |

| Mark | Goods/Services | Date of First Use in Commerce | Registration No. | Date Issued |
|---|---|---|---|---|
| | Social club services, namely, organization of social events, get-togethers, and parties for members of automobile clubs, organization of automobile-racing events and automobile-enthusiast social entertainment events in Class 41 | | | |
| ROLLS RR ROYCE | Model toy cars in Class 28 | 01/01/1978 | 3812394 | July 6, 2010 |

19.     Many of the federal trademark registrations listed above are incontestable and constitute conclusive evidence of Plaintiffs' exclusive right to use those marks for the products and/or services specified in those registrations pursuant to 15 U.S.C. §§ 1065 and 1115(b).

20.     As a result of its longstanding success and the outstanding quality of Rolls-Royce products and services, the unique, distinctive, and famous ROLLS-ROYCE Marks enjoy and have long enjoyed an exceedingly valuable reputation and goodwill in the United States, not just among Rolls-Royce's clientele, but among the general consuming public.

**Infringement and Dilution of the Famous ROLLS-ROYCE Marks**

21.     HexClad makes, advertises, and sells pots, pans, cookware and other kitchen accessories (collectively, "the HC Products") under its own marks HEXCLAD and a HC logo. HexClad describes the HC Products as "hybrid" and claims that it employs a unique and patented technology.

22.     HexClad employs a celebrity chef, Gordon Ramsey, to promote the HC Products. On information and belief, Mr. Ramsey owns a stake in HexClad in addition to being a paid spokesperson. On further information and belief, HexClad controls the nature and content of its advertising, marketing, and promoting of the HC Products, including the comments from Mr. Ramsey that HexClad includes in video and film promotions and statements that HexClad attributes to Mr. Ramsey in advertising on HexClad's website, social media channels, and other media.

23.     In advertising, promoting, and selling the HC Products, HexClad has adopted and uses the slogan/tagline "The Rolls-Royce of Pans" ("the Infringing and Diluting Slogan/Tagline").

24.     HexClad features the Infringing and Diluting Slogan/Tagline in at least the following ways:

- On its website at www.hexclad.com as shown in the example below.



- Around the country at in-store displays at Costco, one of the most popular and highly trafficked retailers in the country, with almost 600 locations across the U.S. True and correct photographs from such an in-store display at a Costco location in North Brunswick Township, New Jersey, taken on August 2, 2023, are shown below.



- o

- On HexClad's social media pages as shown in the example screenshot below of HexClad's Instagram page.



- o

- In advertisements on social media, including Instagram and Facebook, as shown in the examples below.



- In advertisements on Google, as shown in the examples below.





- In online pop-up advertisements, as shown in the example below from the mobile application for *The Washington Post*.



25.    In each of these examples, HexClad makes prominent unauthorized trademark uses of Plaintiffs' famous and incontestable ROLLS-ROYCE trademark.

26.    HexClad often features the ROLLS-ROYCE trademark more prominently than its own HexClad trademarks.

27.    HexClad has no need to use the ROLLS-ROYCE Marks to promote its HC Products, including its own cookware products.

28.     Plaintiffs promptly objected to HexClad's use of the Infringing and Diluting Slogan/Tagline. HexClad, however, refuses to discontinue its unauthorized use of the famous ROLLS-ROYCE name and trademark in connection with advertising and promoting the HC Products.

29.     Plaintiffs are being irreparably damaged by HexClad's unauthorized use of the Infringing and Diluting Slogan/Tagline, while HexClad has been unjustly enriched and has derived substantial revenues and profits from its infringing and diluting uses of the ROLLS-ROYCE trademark.

30.     Unless these acts of HexClad are restrained by this Court, they will continue to cause irreparable damage to Plaintiffs and the public for which there is no adequate remedy at law.

**FIRST CLAIM FOR RELIEF**
**Trademark Infringement Under Section 32(1)**
**of the Lanham Act, 15 U.S.C. § 1114(1)**

31.     Plaintiffs repeat and reallege each and every allegation set forth above.

32.     HexClad's use in commerce of the ROLLS-ROYCE Marks in connection with the offering, sale, distribution, and advertising of the HC Products is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of the HC Products and commercial activities relating to the HC Products, and thus constitutes infringement of the ROLLS-ROYCE Marks referred to above in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

33.     The actions of HexClad described above have at all times relevant to this action been intentional, deliberate, and willful, with full knowledge and disregard of Plaintiffs' rights in

the ROLLS-ROYCE Marks, and with the intent to benefit from and trade off the fame and goodwill of Plaintiffs and the ROLLS-ROYCE Marks.

34.    As a direct and proximate result of the actions of HexClad as alleged above, Plaintiffs have been and will continue to be damaged and irreparably harmed.

35.    Plaintiffs have no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**Trademark Infringement, False Designation**
**of Origin, and Unfair Competition**
**Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)**

36.    Plaintiffs repeat and reallege each and every allegation set forth above.

37.    HexClad's actions described above are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of the HC Products and commercial activities relating to the HC Products, and thus constitute trademark infringement, false designation of origin, false and misleading representation of facts, and unfair competition with respect to the ROLLS-ROYCE Marks in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

38.    The actions of HexClad described above have at all times relevant to this action been intentional, deliberate, and willful, with full knowledge and disregard of Plaintiffs' rights in the ROLLS-ROYCE Marks, and with the intent to benefit from and trade off the fame and goodwill of Plaintiffs and the ROLLS-ROYCE Marks.

39.    As a direct and proximate result of the actions of HexClad as alleged above, Plaintiffs have been and will continue to be damaged and irreparably harmed.

40.    Plaintiffs have no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
### Trademark Dilution Under Section
### 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)

41.     Plaintiffs repeat and reallege each and every allegation set forth above.

42.     The ROLLS-ROYCE Marks are famous and widely recognized by the general consuming public in the United States as a designation of source for Plaintiffs' products and services

43.     HexClad's actions described above, all occurring after the ROLLS-ROYCE Marks became famous, are likely to dilute RRMC Limited's famous ROLLS-ROYCE Marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c) by, among other things, impairing and blurring the distinctiveness of the famous ROLLS-ROYCE Marks by creating an association between HexClad and RRMC Limited's famous ROLLS-ROYCE Marks, and by tarnishing and harming the reputation of the famous ROLLS-ROYCE Marks.

44.     The actions of HexClad described above have at all times relevant to this action been intentional, deliberate, and willful, with full knowledge and disregard of Plaintiffs' rights in the ROLLS-ROYCE Marks, and with the intent to benefit from and trade off the fame and goodwill of Plaintiffs and the ROLLS-ROYCE Marks.

45.     As a direct and proximate result of the actions of HexClad as alleged above, Plaintiffs have been and will continue to be damaged and irreparably harmed.

46.     Plaintiffs have no adequate remedy at law.

### FOURTH CLAIM FOR RELIEF
### State Trademark Dilution Under
### New Jersey Trademark Dilution Act, N.J.S.A. § 56:3-13.20

47.     Plaintiffs repeat and reallege each and every allegation set forth above.

48.     The ROLLS-ROYCE Marks are famous throughout the United States and the State of New Jersey.

49.     HexClad's acts complained of herein constitute dilution in violation of the New Jersey Unfair Competition Act, New Jersey Statutes Annotated Section 56:3-13.20.

50.     As a result, HexClad has been unjustly enriched and Plaintiffs have been irreparably damaged. Unless the alleged actions of HexClad are enjoined, Plaintiffs will continue to suffer injury and damage.

### FIFTH CLAIM FOR RELIEF
### State Unfair Competition Under
### New Jersey Unfair Competition Act, N.J.S.A. § 56:4-1, *et seq*.

51.     Plaintiffs repeat and reallege each and every allegation set forth above.

52.     HexClad's acts complained of herein constitute unfair competition in violation of the New Jersey Unfair Competition Act, Jersey Statutes Annotated Section 56:4-1, *et seq.,* as HexClad has misappropriated the ROLLS-ROYCE Marks for its own use.

53.     As a result, HexClad has been unjustly enriched and Plaintiffs have been irreparably damaged. Unless the alleged actions of HexClad are enjoined, Plaintiffs will continue to suffer injury and damage.

### SIXTH CLAIM FOR RELIEF
### Common Law Trademark Infringement,
### Unfair Competition, and Misappropriation

54.     Plaintiffs repeat and reallege each and every allegation set forth above.

55.     HexClad's actions described above with respect to the ROLLS-ROYCE Marks constitute common law trademark infringement, unfair competition, and misappropriation of Plaintiffs' goodwill under the common law.

56.     The actions of HexClad described above have at all times relevant to this action been intentional, deliberate, and willful, with full knowledge and disregard of Plaintiffs' rights in the ROLLS-ROYCE Marks, and with the intent to benefit from and trade off the fame and goodwill of Rolls-Royce and its ROLLS-ROYCE Marks.

57.     As a direct and proximate result of the actions of HexClad as alleged above, Plaintiffs have been and will continue to be damaged and irreparably harmed.

58.     Plaintiffs have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court enter judgment in their favor on each and every claim for relief set forth above and award them relief including, but not limited to, the following:

A.     An injunction preliminarily and permanently enjoining HexClad and its employees, agents, partners, officers, directors, owners, shareholders, principals, subsidiaries, related companies, affiliates, successors, assigns, and all persons in active concert or participation with any of them:

1.   From using, displaying, and/or registering the ROLLS-ROYCE Marks in any form (online or offline), including but not limited to in connection with any other wording or designs, or images, and from using any other marks, logos, designs, designations, or indicators that are confusingly similar to any of the ROLLS-ROYCE Marks, or likely to dilute the distinctiveness of and/or tarnish any of the ROLLS-ROYCE Marks, in any unauthorized manner including, but not limited to, on websites, social media pages, third-party websites, products, product packaging, product literature, advertising and promotional materials, and signage, and as part of any trademarks, logos, corporate names, fictitious names,

business names, store names, domain names, e-mail addresses, URLs, social

media names, or any other identifiers;

    2.   From representing by any means whatsoever, directly or indirectly, that

HexClad or any products or services offered by HexClad, or any activities

undertaken by HexClad, emanate from Plaintiffs, or are authorized, licensed,

sponsored, or endorsed by Plaintiffs, or otherwise affiliated or connected with

Plaintiffs;

    3.   From assisting, instructing, aiding, or abetting any other person or

business entity in engaging in or performing any of the activities referred to in

subparagraphs A.1 through A.2 above;

B.      An Order requiring HexClad to pay Plaintiffs the cost for corrective advertising

and/or to engage in corrective advertising in a manner directed by the Court;

C.      An Order directing HexClad to file with this Court and serve on Plaintiffs'

attorneys, thirty (30) days after the date of entry of any injunction, a report in writing and under

oath setting forth in detail the manner and form in which it has complied with the injunction and

other orders issued by the Court;

D.      An Order requiring HexClad to account for and pay to Plaintiffs any and all

profits arising from the foregoing acts of infringement, dilution, false designation of origin, and

unfair competition, and an increasing of such profits for payment to Plaintiffs in accordance with

15 U.S.C. § 1117 and other applicable statutes and laws;

E.      An Order requiring HexClad to pay Plaintiffs compensatory damages in an

amount as yet undetermined caused by the foregoing acts of infringement, dilution, false

designation of origin, unfair competition, and trebling such compensatory damages for payment to Plaintiffs in accordance with 15 U.S.C. § 1117 and other applicable statutes and laws;

F.      An Order requiring HexClad to pay Plaintiffs punitive and exemplary damages in an amount as yet undetermined caused by the foregoing acts of HexClad;

G.      An Order requiring HexClad to pay Plaintiffs' costs and attorney's fees in this action pursuant to 15 U.S.C. § 1117 and other applicable statutes and laws; and

H.      Other relief as the Court may deem appropriate.

## JURY DEMAND

Plaintiffs demand a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## LOCAL CIVIL RULE 11.2 CERTIFICATION

The undersigned certifies pursuant to 28 U.S.C. §1746 that the matter in controversy is not the subject of any other action pending in court or of any pending arbitration or administrative proceeding.

Respectfully submitted,

Dated this 23rd day of August, 2023          **BUCHANAN INGERSOLL & ROONEY PC**

By: *s/ Christopher J. Dalton*
Christopher J. Dalton
**Buchanan Ingersoll & Rooney PC**
550 Broad Street, Suite 810
Newark, N.J. 07102
Telephone: (973) 424-5614
Facsimile: (973) 273-9430

David M. Kelly*
Robert D. Litowitz*
Clint A. Taylor*
Shelby A. McGowan*
**KELLY IP, LLP**
1300 19th Street NW, Suite 420
Washington, D.C. 20036
david.kelly@kelly-ip.com
rob.litowitz@kelly-ip.com
clint.taylor@kelly-ip.com
shelby.mcgowan@kelly-ip.com
Phone:  (202) 808-3570
Fax:  (202) 354-5232

*Pro Hac Vice Forthcoming*

**Attorneys for Plaintiff**
**Rolls-Royce Motor Cars Limited and**
**Rolls-Royce Motor Cars NA, LLC**