# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ROLLS-ROYCE MOTOR CARS LIMITED and ROLLS-ROYCE MOTOR CARS NA, LLC,**<br><br>    PLAINTIFFS/COUNTERCLAIM DEFENDANTS,<br><br>    v.<br><br>**ONE SOURCE TO MARKET, LLC d/b/a HEXCLAD**,<br><br>    DEFENDANT/COUNTERCLAIM PLAINTIFF. | Civil Action No. 2:23-cv-08387-EP-JSA<br><br>*Document Electronically Filed* |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'/COUNTERCLAIM DEFENDANTS' MOTION TO DISMISS DEFENDANT'S/COUNTERCLAIM PLAINTIFF'S COUNTERCLAIM FOR DECLARATORY JUDGMENT**

Christopher J. Dalton
**Buchanan Ingersoll & Rooney PC**
550 Broad Street, Suite 810
Newark, N.J. 07102
Telephone: (973) 424-5614
Facsimile: (973) 273-9430

David M. Kelly*
Robert D. Litowitz*
Clint A. Taylor*
**KELLY IP, LLP**
1300 19th Street NW, Suite 420
Washington, D.C. 20036
Telephone: (202) 808-3570
Facsimile: (202) 354-5232
*\*Admitted Pro Hac Vice*

*Attorneys for Plaintiffs/Counterclaim Defendants Rolls-Royce Motor Cars Limited and Rolls-Royce Motor Cars NA, LLC*

# TABLE OF CONTENTS

**Page(s)**

Table of Authorities ........................................................................................................................ ii

I.   Introduction ........................................................................................................................ 1

II.  Argument ............................................................................................................................ 1

  A.  HexClad's Counterclaims 1-6 Are Redundant to Plaintiff's Claims .................................. 1

  B.  HexClad's Counterclaims 7 and 8 are redundant to Its Affirmative Defense ..................... 6

III. Conclusion .......................................................................................................................... 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aldens, Inc. v. Packel*,
  524 F.2d 38 (3d Cir. 1975) .......................................................................................... 2

*Bright View Entertainment Solutions., LLC v. Farm Family Casualty Insurance Co.*,
  2023 WL 1794850 (D.N.J. Feb. 7, 2023) ..................................................................... 8

*Emma, Inc. v. Microstrategy, Inc.*,
  2012 WL 90405, (M.D. Tenn. Jan. 11, 2012) ............................................................... 5

*Intercon Solutions, Inc. v. Basel Action Network*,
  969 F.Supp.2d 1026 (N.D.Ill.2013) .......................................................................... 6, 9

*Jacobs v. Fareportal, Inc.*,
  2018 WL 11229893 (D. Neb. Sept. 24, 2018) .............................................................. 6

*Lee v. Park Lane Togs, Inc.*,
  81 F. Supp. 853 (S.D.N.Y. 1948) .................................................................................. 9

*Lilac Development Group, LLC v. Hess Corp.*,
  2016 WL 3267325 (D.N.J. June 7, 2016) ..................................................................... 1

*LY Berditechev Corp. v. Truss Cosms. Corp.*,
  2023 U.S. Dist. LEXIS 10032 (D.N.J. Jan. 19, 2023) .................................................. 6

*Malibu Media, LLC v. Doe*,
  2018 WL 1617698 (D.N.J. Apr. 4, 2018) .................................................................. 2, 6

*Malibu Media, LLC v. Lee*,
  2013 U.S. Dist. LEXIS 72218 (D.N.J. May 22, 2013) ................................................. 6

*Microsoft Corp. v. Softicle.com*,
  2018 WL 10150945 (D.N.J. Apr. 30, 2018) ................................................................. 2

*Mille Lacs Band of Chippewa Indians v. State of Minnesota*,
  152 F.R.D. 580 (D. Minn. 1993) ................................................................................... 6

*Mold Medics LLC v. All American Restoration Corp.*,
  2022 WL 5247567 (W.D. Pa. Oct. 6, 2022) ................................................................. 6

*Perry v. H.J. Heinz Co. Brands, LLC*,
  2019 WL 2423231 (E.D. La. June 10, 2019) ............................................................... 8

*ProCentury Insurance Co. v. Harbor House Club Condominium Ass'n, Inc.*,
  652 F. Supp. 2d 552 (D.N.J. 2009) ............................................................................... 2

*Sarkis' Cafe, Inc. v. Sarks in the Park, LLC*,
  55 F. Supp. 3d 1034 (N.D. Ill. 2014) ............................................................................. 6

*Uncommon, LLC v. Spigen, Inc.*,
  2016 WL 3997597 (N.D. Ill. July 26, 2016) .................................................................. 8

**Treatises**

Charles Alan Wright & Arthur R. Miller,
  *Federal Practice and Procedure* § 1406 (3d ed. 2020) ................................................ 5

## I. INTRODUCTION

This is an action for trademark infringement, dilution, and unfair competition arising from the advertising slogan/tagline "These Are the Rolls Royce of Pans" (the "Infringing and Diluting Slogan/Tagline"), used by Defendant One Source to Market, LLC d/b/a HexClad ("HexClad" or "HC").

Rolls-Royce Motor Cars Limited and Rolls-Royce Motor Cars NA, LLC (collectively, "Plaintiffs" or "Rolls-Royce") allege that HC's Infringing and Diluting Slogan/Tagline violates Rolls-Royce's valuable rights in its famous, federally registered, and incontestable ROLLS-ROYCE trademark and usurps the tremendous goodwill of the iconic Rolls-Royce brand in the hope of selling more pots and pans. Plaintiffs filed their complaint on August 23, 2023. (Dkt. 001.) On September 20, 2023, HexClad filed its answer, affirmative defenses, and counterclaims. (Dkt. 007.) HexClad's counterclaims, however, are duplicative of or redundant to Rolls-Royce's claims and/or HexClad's own affirmative defense. There is a complete identity of factual and legal issues between the parties' respective requests for relief. And disposition of Rolls-Royce's claims and HexClad's affirmative defense will render HexClad's counterclaims moot. HexClad's counterclaims serve no useful purpose and would needlessly complicate this straightforward trademark case. Rolls-Royce therefore moves to dismiss them.

## II. ARGUMENT

### A. HexClad's Counterclaims 1-6 Are Redundant to Plaintiff's Claims

The court may exercise its discretion to dismiss declaratory judgment counterclaims that raise "'issues already presented in the complaint and answer.'" *Lilac Development Group, LLC v. Hess Corp.*, 2016 WL 3267325, at *4 (D.N.J. June 7, 2016) (*quoting ProCentury Insurance Co. v. Harbor House Club Condominium Ass'n, Inc.*, 652 F. Supp. 2d 552, 556 (D.N.J. 2009)).

1

The court should do so where there is a "complete identity of factual and legal issues" between the parties' respective requests for relief. *Aldens, Inc. v. Packel*, 524 F.2d 38, 51–52 (3d Cir. 1975). *See Microsoft Corp. v. Softicle.com*, 2018 WL 10150945, at *3 (D.N.J. Apr. 30, 2018) (dismissing defendant's declaratory judgment counterclaim where it was "entirely duplicative of Plaintiff's claims"); *Malibu Media, LLC v. Doe,* 2018 WL 1617698, at *3 (D.N.J. Apr. 4, 2018) (dismissing defendant's declaratory judgment counterclaim given it was "identical to Plaintiff's infringement claim: either Defendant infringed or he did not").

Here, HexClad's declaratory judgment counterclaims 1-6 are mirror images of Rolls-Royce's claims, as shown in the below chart.

| **Rolls-Royce's Claims** (Dkt. 001) | **HexClad's Counterclaim** (Dkt. 007) |
|---|---|
| First Claim: Trademark Infringement Under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)<br><br>¶ 32: "HexClad's use in commerce of the ROLLS-ROYCE Marks…**constitutes infringement** of the ROLLS-ROYCE Marks referred to above in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114." | First Counterclaim: No Infringement Under Section 15 U.S.C. § 1114:<br><br>¶ 51: "HexClad, by use of the Accused Quote, **has not infringed and is not infringing**, directly or indirectly, contributorily, by inducement or otherwise, on any mark owned by Rolls-Royce."<br>¶ 50: "Accordingly, HexClad requires a judicial determination of rights and duties of the parties under 15 U.S.C. § 1114 and a declaratory judgment that **HexClad's use of the Accused Quote does not infringe,** directly or indirectly, any trademark rights of Rolls-Royce." |
| Second Claim: Trademark Infringement, False Designation of Origin, and Unfair Competition Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A**)**<br><br>¶ 37: "HexClad's actions described above are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of the HC Products and commercial activities relating to the HC Products, **and thus constitute** | Second Counterclaim: No Trademark Infringement, False Designation of Origin, and Unfair Competition Under 15 U.S.C. § 1125(a)(1)(A)<br><br>¶ 53: "**HexClad, by use of the Accused Quote**, (i) has not infringed and is not infringing, directly or indirectly, contributorily, by inducement or otherwise, on any mark owned by Rolls-Royce; (ii) has |

2

| | |
|---|---|
| **trademark infringement, false designation of origin, false and misleading representation of facts, and unfair competition** with respect to the ROLLS-ROYCE Marks in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)." | **not engaged and is not engaging in false designation of origin; and (iii) has not engaged and is not engaging in unfair competition with Rolls-Royce."**<br>¶ 54: "Accordingly, HexClad requires a judicial determination of rights and duties of the parties under 15 U.S.C. § 1125(a) and **a declaratory judgment that HexClad's use of the Accused Quote (i) does not infringe, directly or indirectly, any trademark rights of Rolls-Royce; (ii) does not constitute false designation of origin; and (iii) does not constitute unfair competition with Rolls-Royce."** |
| Third Claim: Trademark Dilution Under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)<br><br>¶ 43: "HexClad's actions described above, all occurring after the ROLLS-ROYCE Marks became famous, **are likely to dilute RRMC Limited's famous ROLLS-ROYCE Marks** in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)…" | Third Counterclaim: No Trademark Dilution Under Section 15 U.S.C. § 1125(c)<br><br>¶ 57: "HexClad, by use of the Accused Quote, **has not diluted and is not diluting**, directly or indirectly, contributorily, by inducement or otherwise, any mark owned by Rolls-Royce."<br>¶ 58: "Accordingly, HexClad requires a judicial determination of rights and duties of the parties under 15 U.S.C. § 1125(a) and a declaratory judgment that **HexClad's use of the Accused Quote does not dilute**, directly or indirectly, any trademarks owned by Rolls-Royce." |
| Fourth Claim: State Trademark Dilution Under New Jersey Trademark Dilution Act, N.J.S.A. § 56:3-13.20<br><br>¶ 49: "**HexClad's acts complained of herein constitute dilution** in violation of the New Jersey Unfair Competition Act, New Jersey Statutes Annotated Section 56:3-13.20." | Fourth Counterclaim: No State Trademark Dilution Under N.J.S.A. § 56:3-13.20<br><br>¶ 61: "HexClad, by use of the Accused Quote, **has not diluted and is not diluting,** directly or indirectly, contributorily, by inducement or otherwise, any mark owned by Rolls-Royce."<br>¶ 62: "Accordingly, HexClad requires a judicial determination of rights and duties of the parties under N.J.S.A. § 56:3-13.20 and a declaratory judgment that **HexClad's use of the Accused Quote does not dilute,** directly or indirectly, any trademarks owned by Rolls-Royce." |
| Fifth Claim: State Unfair Competition Under New Jersey Unfair Competition Act, N.J.S.A. § | Fifth Counterclaim: No State Unfair Competition Under N.J.S.A. § 56:4-1, *et seq.* |

3

| | |
|---|---|
| 56:4-1, *et seq.*<br><br>¶ 52: "**HexClad's acts complained of herein constitute unfair competition** in violation of the New Jersey Unfair Competition Act, Jersey Statutes Annotated Section 56:4-1, *et seq.*, as HexClad has misappropriated the ROLLS-ROYCE Marks for its own use." | ¶ 65: "**HexClad, by use of the Accused Quote, has not engaged in and is not engaging in, directly or indirectly, contributorily, by inducement or otherwise, unfair competition** with Rolls-Royce."<br>¶ 66: "Accordingly, HexClad requires a judicial determination of rights and duties of the parties under N.J.S.A. § 56:4-1, *et seq.* and a declaratory judgment that **HexClad's use of the Accused Quote does not dilute**, directly or indirectly, any trademarks owned by Rolls-Royce." |
| Sixth Claim: Common Law Trademark Infringement, Unfair Competition, and Misappropriation<br><br>¶ 55: "HexClad's actions described above with respect to the ROLLS-ROYCE Marks **constitute common law trademark infringement, unfair competition, and misappropriation of Plaintiffs' goodwill under the common law.**" | Sixth Counterclaim: No Common Law Trademark Infringement, Unfair Competition, or Misappropriation<br><br>¶ 69: "**HexClad, by use of the Accused Quote, (i) has not infringed and is not infringing, directly or indirectly, contributorily, by inducement or otherwise, on any mark owned by Rolls-Royce; (ii) has not engaged and is not engaging in unfair competition with Rolls-Royce; and (iii) has not misappropriated and is not misappropriating any goodwill in any mark** owned by Rolls-Royce."<br>¶ 70: "Accordingly, HexClad requires a judicial determination of rights and duties of the parties under common law and a declaratory judgment that **HexClad's use of the Accused Quote (i) does not infringe, directly or indirectly, any common law trademark rights of Rolls-Royce; (ii) does not constitute common law unfair competition with Rolls-Royce; and (iii) does not constitute common law misappropriation of goodwill** of any trademark owned by Rolls-Royce." |

The District Court for the Middle District of Tennessee explained the rationale for dismissing a redundant counterclaim of declaratory judgment of trademark non-infringement:

4

> In order for Plaintiff to succeed on its claims, the Court or jury will have to find that Defendant is infringing Plaintiff's mark. Implicit in any such finding is a declaratory judgment that Defendant either is or is not infringing Plaintiff's mark. Moreover, implicit in any ruling on Plaintiff's request for injunctive relief would be a decision as to whether Defendant and Plaintiff may both continue to use their respective marks.

*Emma, Inc. v. Microstrategy, Inc.*, 2012 WL 90405, at *1 (M.D. Tenn. Jan. 11, 2012). The court dismissed the defendant's counterclaim for declaratory judgment of non-infringement because "Defendant's counterclaim would be rendered moot by an adjudication of Plaintiff's claims." *Id*.

Courts in this district and elsewhere routinely dismiss such duplicative declaratory judgment counterclaims in trademark cases. *See* 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1406 (3d ed. 2020); *Malibu Media*, 2018 WL 1617698, at * 3; *Mold Medics LLC v. All American Restoration Corp.*, 2022 WL 5247567, at *5 (W.D. Pa. Oct. 6, 2022) (dismissing mirror counterclaim seeking declaratory judgment, as "the issues presented in [defendant's] claims for declaratory relief would necessarily be resolved by the adjudication of [plaintiff's] claims"); *Jacobs v. Fareportal, Inc.*, 2018 WL 11229893, at *6 (D. Neb. Sept. 24, 2018) (dismissing redundant counterclaim seeking declaratory judgment, noting it is "well-accepted" that such a claim "'is not a proper declaratory judgment claim and should be dismissed'" (*quoting Mille Lacs Band of Chippewa Indians v. State of Minnesota*, 152 F.R.D. 580, 582 (D. Minn. 1993)); *Sarkis' Cafe, Inc. v. Sarks in the Park, LLC*, 55 F. Supp. 3d 1034, 1038 (N.D. Ill. 2014) (dismissing duplicative declaratory judgment counterclaim, given that the action served "'no useful purpose' because the controversy had "'ripened' and the uncertainty and anticipation of litigation" were alleviated (*quoting Intercon Solutions, Inc. v. Basel Action Network*, 969 F.Supp.2d 1026, 1065 (N.D.Ill.2013)); *Pro-Concepts, LLC v. Resh*, 2014 WL 549294, at *5 (E.D. Va. Feb. 11, 2014) (dismissing declaratory judgment counterclaim that would be "fully adjudicated and resolved by resolution of" plaintiff's claims and defendant's

affirmative defenses).[1] The Federal Rules of Civil Procedure, moreover, do not contemplate a defendant using the declaratory judgment mechanism, designed for preemptively resolving threatened litigation, as a soapbox for airing its legal theories, contentions, or purported defenses in response to a complaint. Rather, the Federal Rules require nothing more than a short, plain statement of defenses and/or that the defendant admit or deny the complaint's allegations of the complaint. FRCP 8(b).

B.   **HexClad's Counterclaims 7 and 8 are redundant to Its Affirmative Defense**

HexClad's declaratory judgment counterclaims 7 and 8 are redundant to HexClad's Ninth Affirmative Defense, as shown in the chart below:

| **HexClad's Affirmative Defenses** (Dkt. 007) | **HexClad's Counterclaims** (Dkt. 007) |
|---|---|
| <u>Ninth Affirmative Defense: No Use as Trademark or Source Indicator</u><br><br>¶ 9. "Rolls-Royce's claims are barred in whole or in part because **the phrase "the Rolls Royce of pans" is not being used by HexClad in a trademark or source identifying sense**, but as a measure of prestige." | <u>Seventh Counterclaim: No Use as Trademark or Source Indicator</u><br><br>¶ 73: **"HexClad's use of the Accused Quote is in the commonly-understood dictionary sense, as a descriptor of the high quality of its products, and is not use as a trademark or source indicator."**<br>¶ 74: "Accordingly, HexClad requires a judicial determination of rights and duties of the parties under the relevant law and a declaratory judgment that **HexClad's use of the Accused Quote is not use as a trademark or source indicator.**" |

---

[1] In Response (Doc. 27) to Rolls-Royce's Pre-Motion Letter, HexClad cites. *LY Berditechev Corp. v. Truss Cosms. Corp.,* 2023 U.S. Dist. LEXIS 10032 (D.N.J. Jan. 19, 2023). But that case did not involve a motion by a plaintiff to dismiss "mirror image" declaratory judgement counterclaims. Rather, the defendant moved to dismiss the plaintiff's affirmative declaratory judgment claim, alleging "no controversy between the parties." *Id.* *13. HexClad also cites *Malibu Media, LLC v. Lee,* 2013 U.S. Dist. LEXIS 72218 at *12-13 (D.N.J. May 22, 2013). *Malibu Media,* however, was a copyright case in which the Plaintiff alleged infringement of copyrights to motion pictures via peer-to-peer BitTorrent protocol, not a trademark case. And there is no indication in *Malibu Media* or any other case HexClad cited that the defendants' mirror image counterclaims literally parroted back the plaintiff's corresponding claims, merely seeking the opposite outcome.

6

|  | Eighth Counterclaim: Descriptive Use<br><br>¶ 77: "The phrase "the Rolls Royce of" is a commonly-understood phrase used to describe the high quality of something, and **does not indicate the source of the thing that the phrase is describing**."<br>¶ 78: "Accordingly, HexClad requires a judicial determination of rights and duties of the parties under relevant law and a declaratory judgment that **the phrase "the Rolls Royce of" is a descriptive phrase that can be used without infringing on the claimed rights of Rolls-Royce**." |
|---|---|

Again, courts routinely dismiss declaratory judgment counterclaims in trademark cases that merely repackage affirmative defenses with greater detail or more words. *Bright View Entertainment Solutions., LLC v. Farm Family Casualty Insurance Co.*, 2023 WL 1794850, at *7 (D.N.J. Feb. 7, 2023) (dismissing defendant's declaratory judgment counterclaim because it merely repackaged defendant's affirmative defenses, and adjudication of plaintiff's claim would render those defenses moot). *See also Perry v. H.J. Heinz Co. Brands, LLC*, 2019 WL 2423231, at *5 (E.D. La. June 10, 2019) (dismissing declaratory judgment counterclaims as "superfluous or redundant" where the defendant merely restated its affirmative defenses and plaintiff's claims); *Uncommon, LLC v. Spigen, Inc.*, 2016 WL 3997597, at *5 (N.D. Ill. July 26, 2016) (dismissing declaratory judgment counterclaim reiterating an affirmative defense given courts "'routinely dismiss counterclaims that seek to generate an independent piece of litigation out of issues that are already at issue; this includes counterclaims that merely restate an affirmative defense'" (quoting *Intercon Solutions*, 969 F.Supp.2d at 1065)); *Lee v. Park Lane Togs, Inc.*, 81 F. Supp. 853, 854 (S.D.N.Y. 1948) (dismissing defendant's counterclaim seeking declaratory judgment as unnecessary where allegations of counterclaim were already before court as

7

affirmative defenses).

### III. CONCLUSION

Whether HexClad is infringing or diluting the ROLLS-ROYCE trademark will be determined by the jury's decision on the merits of Rolls-Royce's claims and HexClad's affirmative defenses, rendering HexClad's mirror image counterclaims moot. On the other hand, allowing the redundant counterclaims to stand potentially serves the impermissible purpose of complicating the case and confusing the issues for the jury.

For the foregoing reasons, the Court should grant Plaintiffs' motion and dismiss HexClad's counterclaims.

Respectfully submitted,

Dated this 1st day of November, 2023

**BUCHANAN INGERSOLL & ROONEY PC**

By: */s/Christopher J. Dalton*
Christopher J. Dalton
**Buchanan Ingersoll & Rooney PC**
550 Broad Street, Suite 810
Newark, N.J. 07102
Telephone: (973) 424-5614
Facsimile: (973) 273-9430

David M. Kelly*
Robert D. Litowitz*
Clint A. Taylor*
**KELLY IP, LLP**
1300 19th Street NW, Suite 420
Washington, D.C. 20036
david.kelly@kelly-ip.com
rob.litowitz@kelly-ip.com
clint.taylor@kelly-ip.com
Phone: (202) 808-3570
Fax: (202) 354-5232
*Admitted Pro Hac Vice*

**Attorneys for Plaintiffs
Rolls-Royce Motor Cars Limited and
Rolls-Royce Motor Cars NA, LLC**